**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4232**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANTHONY ALLEN PENNINGTON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.   Gina M. Groh, District Judge.  (3:13-cr-00037-GMG-JES-1)

Submitted:  September 30, 2014         Decided:  October 7, 2014

Before GREGORY and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. Jarod James Douglas, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Allen Pennington appeals the 168-month sentence imposed by the district court following his guilty plea to traveling in interstate commerce with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) (2012). In accordance with Anders v. California, 386 U.S. 738 (1967), Pennington's counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether (1) Pennington's plea was knowing and voluntary, (2) the evidence considered at Pennington's sentencing was appropriately reliable, (3) Pennington received the effective assistance of counsel, and (4) the district court judge should have recused herself. Although Pennington has not filed a supplemental pro se brief, his notice of appeal listed errors materially identical to those counsel raises. We affirm.

Because Pennington did not move to withdraw his plea, we review his Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002); see United States v. Olano, 507 U.S. 725, 732 (1993) (discussing standard). When accepting the plea, the district court substantially complied with Rule 11, neglecting only to inform Pennington that it was not bound by the sentencing recommendations in the plea agreement. See Fed. R. Crim. P. 11(c)(3)(B). This minor omission did not affect Pennington's

2

substantial rights, and the district court ensured that the plea was knowing and voluntary. Although Pennington claims now that his plea was motivated by his desire to assist one of his former victims and that he never had the opportunity to review all of the evidence against him, these claims are belied by Pennington's sworn statements during the Rule 11 hearing. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992). Accordingly, we find no error, plain or otherwise, in the acceptance of Pennington's plea. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Turning to Pennington's challenges to his sentence, we review the sentence for reasonableness, using "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error[s]," including "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, . . . or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Here, the district court correctly calculated Pennington's Guidelines range, and there is no merit in

3

Pennington's suggestion that he was sentenced based on unreliable or otherwise incompetent evidence, especially since he raised no such objection at sentencing. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Because the district court also adequately explained Pennington's within-Guidelines sentence, we conclude that the sentence is procedurally and substantively reasonable. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (explaining that within-Guidelines sentence is presumed substantively reasonable).

Next, Pennington claims that the district court judge should have recused herself because she presided as a state court judge over Pennington's prior criminal proceedings. Only in the rarest circumstance will a judge's prior familiarity with a party based on previous judicial proceedings warrant recusal. See United States v. Mitchell, 886 F.2d 667, 671 (4th Cir. 1989); see also Liteky v. United States, 510 U.S. 540, 555 (1994). No such circumstances are present here.

Finally, we decline to consider at this time Pennington's several claims of ineffective assistance of counsel. Unless clearly apparent on the face of the record, such claims are not cognizable on direct appeal. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).

In accordance with Anders, we have reviewed the entire record and have found no meritorious grounds for appeal. We

4

therefore affirm the district court's judgment. This court requires that counsel inform Pennington, in writing, of his right to petition the Supreme Court of the United States for further review. If Pennington requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pennington. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED